**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **Christopher R. Harvey,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **Velasquez Contractor, Inc.,** ) <br> **et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | **Civil Case No.: GLS 19-1573** |

**MEMORANDUM OPINION**

Pending before this Court, by the parties' consent, are Motions for Summary Judgment filed by Defendants Jorge Galdamez ("Galdamez"), Velazquez Contractors, Incorporated ("VCI"), Oscar Segovia and Arcides Segovia. Christopher R. Harvey ("Plaintiff") and Defendant Progressive Classic Insurance Company ("Progressive") filed responses in opposition thereto. Reply briefs were filed. The matter has been fully briefed. (ECF Nos. 42, 43, 44, 45, 46, 47, 48). The Court finds that no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, both Motions for Summary Judgment are **GRANTED.**

**I.    BACKGROUND**

A. Factual Background

The following facts are undisputed. On the evening of April 16, 2016, at approximately 9:26 p.m., in Bladensburg, Md., Plaintiff was involved in an accident when he was struck while riding his motorcycle. The other vehicle turned left in front of Plaintiff, and there was contact in between both vehicles. (ECF No. 42-6 at 2. Harvey Deposition, "Harvey Dep." 17:10–13; 54:18-56:3). Plaintiff was on the way home from the DC Brau Brewery's Fifth Anniversary Party.

(Harvey Dep., 17:17–20).[1] The other vehicle involved fled the scene. (Harvey Dep., 71:13). Plaintiff does not know the identity of the driver of the other vehicle and cannot provide a description of the driver. (Harvey Dep., 62:9–10). Plaintiff did not see the other vehicle's license plate. (*Id.* 70:14–15; 71). Plaintiff's only description of the vehicle was that it was dark in color and was a truck or an SUV. (*Id.*, 59:7-11; 70:10–13; 77:12-17). Plaintiff was unable to identify any witnesses to the incident. (Harvey Dep. 42:1–4).

A police report authored by Officer T. Bates stated that a 2005 Nissan Truck with a Virginia license plate (WNJ679) swerved across the dividing line into oncoming traffic, hit Plaintiff on his motorcycle, and fled the scene. The vehicle was later identified as being owned by Defendant VCI. (ECF No. 45-4, p.1).

Defendant Galdamez testified that there were 2 sets of keys to the truck, and that he had been driving the truck for at least 1-1.5 months before the accident. (ECF Nos. 44-7, Answers to Interrogatories; 44-7 and 44-8, Galdamez Deposition, "Galdamez Dep."). VCI allowed Galdamez to use the truck to drive between VCI's facility and the apartment("VA Apartment") Galdamez stayed in while working for VCI. (ECF No. 44-6 at 12, Velasquez Deposition, "Velasquez Dep." 22:5–16).

Two days after the accident, on April 18, 2016, Galdamez reported the truck stolen. (ECF No. 44-4 at 4, Velasquez Interrogatory "Velasquez Interrog." No. 22). The truck was recovered on April 19, 2016 within a mile of the VA Apartment. (Velasquez Interrog. No. 22). The vehicle had damage on either the right or left side. (Galdamez Dep., pages 31-32).

VCI maintained the VA Apartment to accommodate its out-of-town workers. (Velasquez Interrog. No. 17). Oscar Segovia and Arcides Segovia ("the Segovia Brothers") occupied said

---

[1] At 9:50 p.m., upon arrival to the hospital, a blood specimen was obtained and tested with the results providing a .089% blood ethyl alcohol concentration. (ECF No. 42-5 at 1–2, Yale H. Caplan Report dated 12/18/19).

apartment at some point during their employment with VCI, but neither met Galdamez before January 2020. (ECF No. 43-9 at 10, Arcides Segovia Deposition, "Arcides Segovia Dep." 13:12–20; ECF No. 43-10 at 10, Oscar Segovia Deposition "Oscar Segovia Dep." 11:13–22).[2]

### B. Procedural Background

Plaintiff filed his Complaint on April 15, 2019, suing Galdamez, the Segovia Brothers, VCI, and Progressive for damages stemming from the April 16, 2016 accident. (ECF No. 2-2). In Count One, Plaintiff alleges negligence against Galdamez and the Segovia Brothers, namely that Galdamez and/or one or both Segovia brothers are directly liable as operators of the vehicle that struck him. Relatedly, Plaintiff claims that VCI is vicariously liable as owner of the truck that allegedly struck him. (*Id.* at 7). In Count Two, Plaintiff alleges negligence against VCI, putting forth an alternative theory that VCI's motor vehicle was operated by an unknown agent, servant, and/or employee at the time of the incident. (*Id.* at 10-13). In Count Three, Plaintiff alleges negligent hiring and supervision by VCI, namely by allowing Galdamez, Arcides Segovia, Oscar Segovia, and/or an unknown agent to operate the truck in an unsafe manner. (*Id.* at 13-14). In Count Four, Plaintiff sues his insurance company, Progressive, for negligence. Plaintiff contends, alternatively, that he was struck by a phantom vehicle, and his uninsured motorist policy should reimburse him for damages sustained. (*Id.* at 15-17).

On May 27, 2020, Defendant Galdamez filed a Motion for Summary Judgment. (ECF No. 42). On June 11, 2020, Plaintiff filed a response opposing Galdamez's Motion for Summary Judgment. (ECF No. 44). Plaintiff did not file a response to the summary judgment motion filed

---

[2] The distance between VCI's facility at 14101 Parke Long Court, Chantilly, VA, and the apartment VCI kept for its workers at 512 Woodmere Drive, Centreville, VA is about four miles. Both locations are more than thirty miles from the site of the accident in Bladensburg, MD. Galdamez was not permitted to use the car for anything other than travelling between the apartment and the facility. (ECF No. 43-1 at 13).

by the Segovia brothers and VCI. On May 28, 2020, the Segovia brothers and VCI jointly filed a Motion for Summary Judgment. (ECF No. 43). On June 12, 2020, Progressive filed a single response opposing both Motions for Summary Judgment. (ECF No. 45). On July 16, 2020, the Segovia brothers and VCI filed a joint reply to Progressive's opposition. (ECF No. 46). On June 19, 2020, Galdamez filed reply briefs to oppositions filed by Progressive and Plaintiff (ECF Nos. 47, 48).

## II.     STANDARD OF REVIEW

Motions for summary judgment shall be granted only if there are no genuine issues as to any material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987) (internal citation omitted). The burden can be satisfied through the submission of discovery materials. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984).

The Court must construe the facts and documentary materials submitted by the parties in the light most favorable to the party opposing the motion. *Masson v. N.Y. Magazine, Inc.*, 501 U.S. 495, 520 (1991) (citing *Anderson*, 477 U.S. at 255). However, if a party seeking summary judgment demonstrates that the non-moving party has no admissible evidence to support its case, the burden shifts to the non-moving party. The nonmoving party cannot simply cast "metaphysical doubt" on the material facts, but rather must provide specific facts demonstrating a genuine issue for trial of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)). A mere scintilla of evidence is insufficient to create an issue of material fact. *See Barwick*, 736 F.2d at 958–59 (citing *Seago*, 42 F.R.D. at 632).

Moreover, although "a court must draw all reasonable inferences in favor of the non-moving party when ruling on a summary judgment motion, that party **may not** create a genuine issue of material fact through mere speculation, or building one inference upon another." *Miskin v. Baxter Healthcare Corp.,* 107 F.Supp.2d 669, 671 (D.Md.1999)(citing *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505)(emphasis added); *Runnebaum v. NationsBank,* 123 F.3d 156, 163 (4th Cir. 1997); *Sylvia Dev. Corp. v. Calvert Cnty.,* 48 F.3d 810, 817–18 (4th Cir. 1995).

Finally, to "be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be **admissible** in evidence." *Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.,* 823 F.Supp.2d 334, 349 (D. Md. 2011)(emphasis supplied); s*ee also* Fed.R.Civ.P. 56(c)(2); *Mitchell v. Data Gen. Corp.,* 12 F.3d 1310, 1315–16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof in the form of **admissible** evidence that could carry the burden of proof in his claim at trial.")(emphasis supplied).

Hearsay evidence is insufficient to defeat a summary judgment motion. *Hicks v. Ferreyra*, 396 F.Supp.3d. 564, 579 (D. Md. 2019); *see also DeWitt v. Clean Harbors Envtl. Servs., Inc.*, Case No. RDB 16-1705, 2017 WL 3116609, at *6 (D. Md. July 21, 2017)("conclusory and hearsay evidence does not provide support sufficient to defeat a summary judgment motion").

### III. ANALYSIS

To establish a cause of action for negligence in Maryland, a plaintiff must prove four elements: (1) defendant was under a duty to protect the plaintiff from injury; (2) the defendant breached that duty; (3) the plaintiff suffered actual loss or injury; and (4) the loss or injury proximately resulted from the defendant's breach of the duty. *See Todd v. Mass Transit Admin.*, 373 Md. 149, 155 (2003) (internal quotations and citations omitted). Negligence is a relative term

and must be decided on the facts of each particular case; ordinarily, it is a question of fact to be determined by the jury. *See Fowler v. Smith*, 240 Md. 240, 246 (1965).

For an employer to be vicariously liable for the actions of an employee in Maryland, one or more of the following criteria must be met: (1) the employee had the actual or apparent authority of the employer; (2) the action was within the scope of his employment; or (3) the employer ratified the action with the knowledge of all the material facts. *See Dhanraj v. Potomac Elec. Power Co.*, 305 Md. 623, 627 (1986).

### A. Galdamez's Motion for Summary Judgment

In support of his summary judgment motion, Defendant Galdamez avers that: (1) he was not the driver of the other vehicle involved in the accident; (2) that the Nissan Truck was stolen sometime after Galdamez parked the car outside of the apartment on Friday April 15, 2016 and before the time of the accident; and (3) that Plaintiff has failed to establish that there is admissible evidence connecting Galdamez and/or the Nissan Truck to the accident. Rather, Plaintiff relies upon a police report that contains inadmissible hearsay. (ECF No. 42-2 at 3–8; ECF No. 47-1 at 2–14; ECF No. 48-1 at 2–8).

In support, Defendant Galdamez submitted a sworn affidavit stating that he was not operating any motor vehicle involved in the accident with Plaintiff in Bladensburg, MD on April 16, 2016. (ECF No. 42-7 at 1–2, Galdamez Affidavit ¶ 5). Galdamez testified at his deposition that when he woke up between 11:00 am and 1:00 pm on April 16. 2016, the truck was not where he parked it on the night of April 15, 2016. (Galdamez Deposition "Galdamez Dep." 25:19–22, 26:1–4). Galdamez stated that he did not immediately report the car stolen because it had been towed twice from that same spot for not having a parking sticker. (*Id*. 26:12–15). After speaking to multiple towing companies and his supervisors, Galdamez stated that he reported the car missing

two days later on April 18, 2016. (*Id.* 27:15–18). The car was ultimately found within a mile of the apartment the next day. (*Id.* 29:2–4).

Galdamez contends that there is unrefuted evidence that he was not the driver who struck Plaintiff. Galdamez avers that Plaintiff did not and cannot identify him as the driver, nor is there any witness testimony identifying him as the driver. (ECF Nos. 42, 48-1). Galdamez further argues that the only piece of evidence connecting the 2005 Nissan with the accident is inadmissible at trial. In particular, the license plate number of the 2005 Nissan that potentially links him to the accident is mentioned in a police report authored by Officer Terrell Bates. Officer Bates told a private investigator that he believes that the license plate identification came from an unknown eyewitness who refused to identify himself at the scene of the accident. (*See* ECF No. 45-4 at 1–2, "Investigative Report"; Harvey Dep. 71:4–21, 72:1–7). According to Galdamez, this information is inadmissible hearsay. (ECF No. 42-2 at 4–8; ECF No. 47-1 at 2–14; ECF No. 48-1 at 2–8). To support his argument, Defendant Galdamez relies principally on the cases of *Perkins v. Int'l Paper Co.*, 936, F.3d 196 (4th Cir. 2019) and *Brocious v. United States Steel Corp.*, 429 F.Supp.3d 82 (D. Md. 2019).[3]

### 1. Plaintiff's Opposition

In opposing Galdamez's summary judgment motion, Plaintiff contends that there are facts from which a jury could reasonably infer that Galdamez was driving the vehicle that struck him. (ECF No. 44, "Plaintiff's Opposition"). In particular: (1) the vehicle that hit him was a truck or SUV that was dark colored; (Harvey Dep, 59:7-59:11; 70:10-70:13; 77:12-77:17); (2) on the date

---

[3] In *Perkins,* the court held that a non-moving party must set forth specific facts showing there is a genuine issue for trial when the moving party properly submits a motion for summary judgment. 936 F.3d at 206. In *Brocious*, a district court held that any evidence advanced by a non-moving party to avoid summary judgment must be admissible at trial. 429 F.Supp.3d at 86.

of the accident, Defendant VCI owned a grey 2005 truck with VA license plate number WNJ6795; (3) the truck that hit Plaintiff "would have presumably sustained property damages to its front end where that impact occurred" (Plaintiff's Opposition, at 7–9), and there is evidence that the Nissan sustained front-end damage (Galdamez's Answer to Interrogatories 22-24); (4) the 2005 Nissan Truck was missing at some point after Galdamez parked it outside of the VA Apartment (Galdamez Dep. 22:2-23:5; 27:10-28:2; Galdamez's Answer to Interrogatory 22); (5) Galdamez had one of a limited number of keys to the vehicle, so a jury could reasonably infer that Galdamez was driving the truck that hit Plaintiff (Plaintiff's Opposition, p. 8); and (6) a reasonable trier of fact could conclude that because the truck was found within a mile of the apartment, Galdamez could have parked it there after the accident and walked home to make it appear as though the car was stolen. (Plainitiff's Opposition, pp. 8-9). Plaintiff relies principally on the case of *Overstreet v. Kentucky Life Ins. Co.*, 950 F.2d 931 (4th Cir. 1991).

### 2. *Progressive's Opposition*

In opposing Galdamez's summary judgment motion, Progressive avers that Galdamez "presented multiple conflicting statements his deposition with evidence that could lead a jury to in fact infer he was driving the vehicle that struck the Plaintiff." (sic) (ECF No. 45-1 at 2-4). Specifically, Progressive cites to Galdamez's deposition transcript and his statements about: (a) where resided at the time of the incident; (b) whether he recalled the names of his roommates; and (c) whether he recalled the name of his supervisor, or the name of the person who gave him the keys to the 2005 Nissan truck. (ECF No. 45-1, p.2). Next, Progressive cites to Galdamez's deposition testimony, arguing: (1) Galdamez was not credible when he said that he did not notice that the truck was missing until Saturday, nor was his reason for not immediately reporting it stolen believable; (2) that Galdamez confirmed that the truck was recovered .5 mile to 1 mile from the VA Apartment, and that it had damage. According to Progressive, then, his "vague, evasive, and

8

unreliable testimony," combined with the vehicle's damage and the location of the vehicle's recovery, "from a public policy perspective, giving verbal denials with no clear-cut details and/or facts to support [his] version of events does not rise to the level of no genuine dispute of facts." (*Id.*, p. 4). [4] Progressive relies principally on the case of *Scott v. Harris*, 550 U.S. 372 (2007) to support its argument that all reasonable inferences must be drawn in Progressive's favor. (ECF No. 45-1 at 1).

### 3. Analysis

As a preliminary matter, because Galdamez has offered evidence that he was not the driver, Plaintiff and/or Progressive, as the non-moving parties, must first put forth evidence that Galdamez is the driver of the vehicle that struck Harvey. This is a key prerequisite to Galdamez being found negligent. In reviewing the evidence before the Court, there is no admissible evidence that Galdamez was the driver of the vehicle that struck Harvey. Plaintiff did not identify Galdamez as the driver, nor is there any witness testimony that Galdamez was the driver. Galdamez's testimony is unrefuted; neither Plaintiff nor Progressive has offered any direct evidence establishing that he was the driver.

In addition, neither Plaintiff nor Progressive has offered any admissible evidence that the 2005 Nissan Truck was the vehicle involved in the incident.

The law and Federal Rules of Civil Procedure make clear that evidence supporting the facts set forth by the Plaintiff to defeat a summary judgment challenge must be **admissible** at trial. *Casey*, *supra*, at 349 (emphasis supplied); s*ee also* Fed.R.Civ.P. 56(c)(2). Fed. R. Evid. 802 prohibits the use of hearsay evidence at trial. Fed. R. Evid. 801(c) defines hearsay as a statement

---

[4] Defendant Progressive also argued that: (1) Galdamez was in possession of the truck at the time of the accident; (2) Galdamez testified that the truck had damage consistent with the accident. (ECF No. 45-1, pp.2-4). The Court has reviewed the transcript pages cited by Progressive, and I do not find them consistent with Progressive's argument. Thus, the Court declines to construe these facts in Progressive's favor.

that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers to prove the truth of the matter asserted in the statement. The statements in the report about the license plate and the involvement of the Nissan are hearsay.

The only way that a reasonable juror would hear about this evidence is if the hearsay statements in the police report were admitted at trial, or if Officer Bates were allowed to offer hearsay testimony. A reasonable jury cannot consider hearsay evidence. *See Hicks*, *supra*. Even assuming that the police report is a business record, there must still be a separate exception to the hearsay rule or a non-hearsay purpose to the statements contained therein. *See* Fed.R.Evid. 805; *see also Diggs & Allen v. State*, 213 Md. App. 28, 74-75 (2013), *aff'd on other grounds*, 440 Md. 643 (2014). No such exception or purpose applies here. The evidence before this Court is that Officer Bates has no recollection of how he obtained the license plate number. Officer Bates stated to the investigator who wrote the report has no recollection of how he obtained the license plate number, nor did he know the names of any witnesses to the accident. He "speculated that the [license plate number] came from someone at the scene of the accident who refused to identify [himself/herself]." (ECF No. 45-4). This inadmissible hearsay is insufficient to defeat summary judgment. *See Hicks*, *supra* at 579.

The cases relied upon by Progressive and Plaintiff, *Overstreet* and *Scott*, are inapposite. In *Overstreet,* the lower court was faced with different factual versions as to whether an insurance company owed a duty to a potential policy beneficiary to inform her of facts pertinent to her claim. The Fourth Circuit found that there was credible evidence from both parties, such that the non-moving party was entitled "to have the credibility of his evidence as forecast assumed," and to be "given the benefit of all favorable legal inferences." 950 F.3d at 939. This case is factually distinguishable, as no admissible evidence exits here to support Plaintiff's or Progressive's theory.

In *Scott*, there were two conflicting stories before the courts below about whether a police officer used excessive force to violate an individual's civil rights during a car chase. In reversing the lower court's decision denying summary judgment to the police officer, the Supreme Court highlighted the existence of a videotape that reportedly depicted the events. There was no challenge to the authenticity of the videotape, nor that "[what it depicted differed] from what actually happened." 550 U.S. at 379. The Supreme Court held that "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." 550 U.S. at 380. The instant case is factually distinguishable because there is no admissible evidence on the identity of the driver.

Without a genuine dispute of material fact, there is no question for a jury to decide about whether Galdamez struck Plaintiff, and whether he owed Plaintiff a duty of care, which he failed to exercise. Accordingly, summary judgment is appropriate as to Galdamez.

B. <u>Arcides Segovia, Oscar Segovia, and VCI's Joint Motion for Summary Judgment</u>

In their Summary Judgment Motion, Arcides Segovia, Oscar Segovia, and VCI aver that: (1) Plaintiff failed to present any admissible evidence identifying the motor vehicle that struck the him; and (2) Arcides and Oscar Sergovia were not the drivers of any motor vehicle involved in the accident. (ECF No. 43-1 at 7–18; ECF No. 46 2–7). They emphasize that Oscar and Arcides Segovia both denied any involvement in the April 16, 2016 accident in sworn statements. (Oscar Segovia Dep. 12:1–5; Arcides Segovia Dep. 15:1–5). In addition, they assert that both Arcides Segovia and Oscar Segovia moved into VCI's apartment after the accident, were never roommates with Galdamez, and deny ever having met Galdamez or seeing him before Galdamez's January 2020 deposition. (ECF No. 43-1 at 8–9; Arcides Segovia Dep. 13:12–20, Oscar Segovia Dep.

11

11:13–22). Moreover, there are no witnesses that identified Oscar and Arcides Segovia as being involved in the accident.

Defendant VCI admits to giving Galdamez possession of the 2005 Nissan truck. (ECF No. 43-1, Exh. E). Galdamez was allowed to use the truck to drive himself and co-workers to/from work, which was approximately 3-4 miles from the VA Apartment. (*Id.*). However, they aver that Harvey did not identify either of the Segovias as the drivers. Furthermore, there is nothing beyond the inadmissible hearsay evidence within the police report connecting their VCI's vehicle to the accident. (ECF No. 43, at 9–12). Regarding the vicarious liability count of the complaint, VCI argues that even if the 2005 Nissan Truck was involved in the truck, VCI cannot be held liable. This is because there was no evidence that the driver was acting within the scope of employment or that VCI ratified the driver's conduct or received benefit from it. (ECF No. 43-1, at 13–18). The Defendants rely principally on *Motor Club of America Insurance Co. v. Hanifi*, 145 F.3d 170 (4th Cir. 1988).[5]

### 1. Plaintiff's Lack of Opposition and Progressive's Opposition

Plaintiff Harvey did not respond to the summary judgment motion filed by Defendants VCI, Oscar and Arcides Segovia.

In opposing Galdamez's summary judgment motion, Progressive contends that there is evidence that Segovia brothers lied about their living arrangements in their depositions, and that a reasonable jury could find that they were living in the apartment at the time of the accident. (ECF No. 45-1 at 4–5). "If they were [living] in the apartment at [the time of the accident]," Progressive

---

[5] In *Motor Club*, in opposition to the summary judgment motion, the insurance company introduced a police report that contained the license plate number of the vehicle that struck the plaintiff. Because the defendants had relied upon that police report in their motions for summary judgment, the Fourth Circuit found that they had waived any hearsay objection. 145 F.3d at 175. In addition, that police report contained specific information about the identities of the witnesses to the accident and descriptions of the vehicles involved. *Id.* at 172

reasons, "they [would have] had access to VCI's vehicle." *Id.* Progressive also argues that VCI could be found vicariously liable as the owner of the vehicle. (ECF No. 45-1 at 5–7). Progressive asserts that VCI gave the keys to Galdamez "with little to no discussion as to what the vehicle could or could not be used for." (ECF No. 45-1 at 6). In essence, Progressive says that there are facts in dispute. Progressive relies on the case of *State Farm Mut. Auto. Ins. Co. v. Martin Marietta Corp.*, 105 Md. App. 1, 8–9 (1995).[6] Regarding the police report, Progressive contends:

> As to the police report, the police officer's deposition in this case was not taken so therefore it impossible at this time to say exactly what of his testimony would constitute as potential "hearsay".

(ECF No. 45-1 at 7).

As this Court articulated previously, the two truly material facts potentially in dispute are the identity of the vehicle involved in the accident and the identity of that vehicle's driver. Neither Plaintiff nor Progressive has put forth any evidence to rebut the sworn statements of Arcides Segovia and Oscar Segovia that neither drove the vehicle that struck the Plaintiff. Assuming, *arguendo*, that Oscar and Arcides Segovia gave conflicting statements when they were deposed about their residence at the time of the incident, it is only if this Court were permit hearsay to be introduced to a jury that the factfinder would even learn of the 2005 Nisaan, and by extension, learn about the Segovias. Progressive's attempt to use the out-of-court statement to prove the truth of the matter asserted—that VCI's vehicle was involved in the accident—and, by extension, that the jury should hear about the Segovias' conflicting testimony about their residency, is contrary to Fed.R.Civ.P. 56(c), the Federal Rules of Evidence, and the law. *See Hicks*, *supra*, 396 F.Supp.3d. at 579; *DeWitt*, *supra*, 2017 WL 3116609, at *6.

---

[6] In *State Farm*, the court opined that an operator of a motor vehicle can be presumed to drive it with the permission of the owner. 105 Md. App. at 8–9.

Without the inadmissible hearsay evidence contained within the police report, there is nothing to link VCI's vehicle to the accident. Progressive argues, unpersuasively, that without the Officer Bates' deposition, there is no way to determine what portions of the report constitute hearsay. However, it is insufficient to claim that because a deposition was not taken, there exists a genuine dispute of material fact because Progressive cannot speculate on what Officer Bates would say. *See Mishkin*, *supra*, 107 F.Supp.2d at 671 (non-moving party "may not create a genuine issue of material fact through mere speculation. . . .) (citing *Anderson,* 477 U.S. at 255).

Plaintiff had ample opportunity in discovery to produce admissible evidence establishing a genuine dispute of material fact as to the identities of the driver and the car, but failed to do so. Without a genuine dispute of material fact, there is no question for a jury to decide about whether Arcides Segovia, Oscar Segovia, or VCI owed Plaintiff a duty of care, or whether VCI should be held vicariously liable. Accordingly, defendants Arcides Segovia, Oscar Segovia, and VCI are all entitled to Summary Judgment.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Galdamez's Motion for Summary Judgment is **GRANTED** (ECF No. 42). In addition, the summary judgment motion filed by Co-Defendants Arcides Segovia, Oscar Segovia, and VCI is also **GRANTED** (ECF No. 43).

Accordingly, the counts against Defendants Galdamez, Velasquez Contractors, Oscar Segovia and, Arcides Segovia are **DISMISSED**.

A separate Order will follow.

Dated:  September 21, 2020                                          /s/
                                                                    The Honorable Gina L. Simms
                                                                    United States Magistrate Judge